DAMIAN M. IDIART, OSB No. 010613
E-Mail: damian@idiartlaw.com
JUSTIN I. IDIART, OSB# 111568
E-Mail: justin@idiartlaw.com
BENJAMIN D. NIELSEN, OSB No. 165040
E-Mail: ben@idiartlaw.com
**Idiart Law Group, LLC**
PO Box 3700
Central Point, OR 97502
Phone: 855-772-6969
Fax: 541-245-0486

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CORYNNE L. FINUCANE, as Personal Representative of THE ESTATE OF CAMERON JAMES FINUCANE**;<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA, acting by and through the UNITED STATES DEPARTMENT OF AGRICULTURE; AMERICAN LAND & LEISURE INC., a foreign corporation**;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Personal Injury Action—<br>28 U.S.C. §1332; 28 U.S.C. §1346<br>Common Law Negligence; Premises Liability |

Plaintiff alleges:

//

//

//

COMPLAINT - 1

**JURISDICTION**

1.

The claims asserted herein arise under Oregon Common Law Negligence. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1346(b) (civil actions on claims against the United States, for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred) and pursuant to 28 U.S.C. §1332 (diversity of citizenship), as, the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and Plaintiff is a citizen of the State of Oregon while Defendant AMERICAN LAND & LEISURE INC. is a corporate citizen of the State of Utah.

2.

Proper venue for this action is in the United States District Court for the District of Oregon pursuant to 28 U.S.C. §1346(b)(1) because a substantial part of the acts or omissions giving rise to the controversy occurred in Oregon.

**PARTIES**

3.

At all times material, Plaintiff, was and is a resident of Sherwood, Washington County, Oregon. The underlying probate matter is being administered in Washington County Circuit Court Case Number 25PB03214 wherein Plaintiff was appointed Personal Representative of the estate.

4.

At all times material, Defendant UNITED STATES OF AMERICA was acting by and through its agency UNITED STATE DEPARTMENT OF AGRICULTURE, and had working for it employees, officers, or agents who, at all times material, were working within the course and

COMPLAINT - 2

IDIART LAW GROUP, LLC

PO Box 3700, Central Point, OR 97502

Tel:  (541) 772-6969   Fax:  (541) 245-0486

scope of their office or employment and were under the control, or right of control, of Defendant. All acts attributed to Defendant UNITED STATES OF AMERICA as alleged below were performed by and through said persons.

5.

Defendant UNITED STATES OF AMERICA has been given proper and timely notice of this claim for damages pursuant to 28 USC, Chapter 171. Said notice was made within two years after the date of injury.

6.

Defendant UNITED STATES OF AMERICA responded to the notice of this claim by letters dated July 24, 2025 and January 15, 2026, wherein it indicated that it was continuing its investigation in the case. Filing of this action is therefore timely, pursuant to 28 U.S.C. § 2675(a).

7.

At all times material, Defendant UNITED STATES OF AMERICA owned the land comprising the Willamette National Forest, including recreation site known as "Cove Creek Campground".

8.

At all times material, Defendant AMERICAN LAND & LEISURE INC. operated its business as a private contractor concessionaire, managing and maintaining campgrounds, including Cove Creek Campground, for Defendant UNITED STATES OF AMERICA.

9.

At all times material, Defendant AMERICAN LAND & LEISURE INC. had working for it principals, officers, owners, managers, employees, agents, or others within the control or right of control of Defendant AMERICAN LAND & LEISURE INC., who were working in the course and scope of their official duty, managerial capacity, employment, agency, or work over which

AMERICAN LAND & LEISURE INC. had control or the right of control. All acts attribute to Defendant AMERICAN LAND & LEISURE INC. as alleged below were performed by and through said persons.

## FIRST CLAIM FOR RELIEF

(Common Law Negligence—Premises Liability)

10.

Plaintiff realleges and incorporates by reference herein Paragraphs 1-9 above.

11.

At all times material, Cove Creek Campground was located at or near 56881 Blowout Road, Idanha, Linn County, Oregon.

12.

At all times material, the deceased Cameron Finucane and his two friends,  Jackson Cole Higgins, and James Everett Kuntz, were at Cove Creek Campground for Defendants' business purposes and had paid a fee to access and utilize the Cove Creek Campground area and were, therefore, business invitees of Defendants'.

13.

At all times material, the camp site was open to Defendants' business invitees, including deceased Cameron Finucane, Jackson Cole Higgins and James Everett Kuntz, and was within the control, or right of control, of Defendants.

14.

On or about July 16, 2023, the deceased Cameron Finucane attached a hammock to a tree located on or near the campsite. Unbeknownst to the deceased Cameron Finucane, one of the trees on which he attached his hammock, was rotten and dead for a considerable amount of time. Said

IDIART LAW GROUP, LLC
PO Box 3700, Central Point, OR 97502
Tel:  (541) 772-6969   Fax:  (541) 245-0486

tree broke and struck Mr. Finucane in the chest and/or head and caused his death, all of which were reasonably foreseeable.

15.

The manner in which the deceased Cameron Finucane used the tree at the campsite was normal and reasonably foreseeable and specifically contemplated by Defendants.

16.

At all times material, Defendants knew or should have known that the tree was rotten and dead, and that the dangerousness created by said condition was not obvious to persons using the camp site so as to allow them to avoid injury.

17.

At all times material, the subject tree, due to its rotten and dead state, constituted an unreasonable risk of harm to others, including the deceased Cameron Finucane, and further constituted an unreasonably dangerous condition that could not be encountered with a reasonable degree of safety by persons similarly situated to the deceased Cameron Finucane. At all times material, Defendants knew or should have known of this fact.

18.

Defendants were negligent in one or more of the following particulars, each of which created a foreseeable and unreasonable risk of injury to the deceased Cameron Finucane:

(a)    In failing to perform regular high quality hazard tree evaluations;

(b)    In failing to inspect the condition of the hazardous tree;

(c)    In failing to discover and remove the hazardous tree;

(d)    In failing to place signs, barricades or other devices to prevent invitees from encountering the hazardous tree;

IDIART LAW GROUP, LLC
PO Box 3700, Central Point, OR 97502
Tel:  (541) 772-6969   Fax:  (541) 245-0486

(e)    In failing to warn, or otherwise make obvious to an invitee, the condition of the hazardous tree; and

(f)    In acting with conscious indifference, reckless disregard, or extreme departure from the ordinary standard of care by failing to otherwise protect the deceased Cameron Finucane from the dangerous condition created by the rotten and dead tree.

19.

As a result of the negligence of Defendants, the deceased Cameron Finucane suffered conscious pain and suffering, his estate sustained pecuniary loss, and his beneficiaries have been deprived of his love, companionship, and services, all to the estate's general damages in an amount not to exceed $3,800,000.00.

20.

As a direct result of the negligence of Defendants, the beneficiaries of the decedent's estate are deprived of the future earnings of decedent in an amount not to exceed $1,700,000.00.

//

//

//

//

//

//

//

//

//

//

COMPLAINT - 6

**WHEREFORE**, Plaintiff prays for relief from the Court as follows:

1.      Assume jurisdiction in this matter over Plaintiff's claims;

2.      Noneconomic damages in a sum not expected to exceed $3,800,000.00;

3.      Economic damages in a sum not expected to exceed $1,700,000.00;

4.      Plaintiff's costs and disbursements incurred herein; and

5.      For such other and further relief as the Court may deem just and equitable.

EXECUTED June 2, 2026                 IDIART LAW GROUP, LLC.


By: s/ Damian M. Idiart
    Damian M. Idiart, OSB# 010613
    damian@idiartlaw.com
    Justin I. Idiart, OSB# 111568
    justin@idiartlaw.com
    Benjamin D. Nielsen OSB# 1650540
    ben@idiartlaw.com
    Of Attorneys for Plaintiff and Trial Attorneys